UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUIS CARDENAS-ORNELAS,<br><br>　　　　　　　　　　Plaintiff<br><br>　　v.<br><br>WICKHAM, *et al.*,<br><br>　　　　　　　　　　Defendants | Case No.  2:21-cv-00030-APG-VCF<br><br>**ORDER** |

**I.	DISCUSSION**

On January 7, 2021, Plaintiff, an inmate in the custody of the Nevada Department of Corrections ("NDOC"), submitted a civil rights complaint under 42 U.S.C. § 1983 and a "Judicial Notice and Motion for Waiver." (ECF Nos. 1-1 and 1-2).  Plaintiff has neither paid the full $402 filing fee for this matter nor filed an application to proceed *in forma pauperis*.

**Judicial Notice**

Plaintiff is advised that the term "judicial notice," as used in Plaintiff's filing at ECF No. 1-2, does not mean what Plaintiff appears to think it means.  "Judicial notice" is a term of legal art, and it does not mean that a litigant wants to tell the court something.  Federal Rule of Evidence 201 permits the court to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute" because it is either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1), (2); *accord U.S. v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994).  For example, a party could ask the court to take judicial notice that Christmas Day in 2019 fell on a Wednesday.

Plaintiff has offered nothing that this Court can properly take judicial notice of under the Rules of Evidence.  Instead, it appears that he is using this term when he wishes to tell the Court something.  This is not a proper use of a motion for judicial notice, and Plaintiff is directed not to utilize a motion for judicial notice in the future to tell the

Court things he wants it to know or believe or to otherwise improperly file a motion for judicial notice. The motion for judicial notice is denied.

**Application to Proceed *in Forma Pauperis***

Plaintiff's motion requests that the Court not require him to provide a complete application to proceed *in forma pauperis* and accept his motion as an application to proceed *in forma pauperis*. (ECF No. 1-2 at 2).

Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, an inmate seeking to begin a civil action in this Court may apply to proceed *in forma pauperis* in order to file the civil action without prepaying the full $402 filing fee. To apply for *in forma pauperis* status, the inmate is required to submit all three of the following documents to the Court:

    (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, this Court's approved form (i.e. pages 1 through 3 with the inmate's two signatures on page 3),

    (2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (i.e. page 4 of this Court's approved form), and

    (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.

The Court cannot and will not waive the requirement that Plaintiff either pay a filing fee or provide documentation establishing that he qualifies for *in forma pauperis* status. Plaintiff has not filed any of the three documents and has not provided any information showing that he qualifies for *in forma pauperis* status. The Court therefore denies the motion's request that the Court accept the motion as an application to proceed *in forma pauperis*.

Plaintiff states in his motion that he has been denied access to the law library and, after repeated requests, High Desert State Prison ("HDSP") officials have failed to provide him with the necessary forms he has requested, including a complaint form, an application to proceed *in forma pauperis* form, and a financial certificate form. (ECF No. 1-2 at 1.) The Court notes that it has been receiving other filings from HDSP, including fully

complete applications to proceed *in forma pauperis* with complete financial documents. However, in the event that Plaintiff is being treated differently and is being denied a financial certificate and an inmate account statement for the previous six-month period from prison officials, Plaintiff shall file an affidavit in this case detailing when he requested the documents, who he spoke to about the status of the documents, who he followed up with after he did not receive the documents, and their responses. In other words, if Plaintiff is unable to acquire the necessary documents from prison officials, after making efforts to do so following receipt of this Court's order this date, he must provide the Court with an affidavit, signed under the penalty of perjury, that demonstrates he has done all that he could to acquire the documents by the Court's deadline. Plaintiff's affidavit should include dates of his requests, dates of his follow-up requests, names of the prison officials that he communicated with about these matters, and their responses.

If Plaintiff's affidavit demonstrates that he has done all that was possible to acquire the documents, the Court will consider his application to proceed *in forma pauperis* complete <u>if he also files a properly completed Application to Proceed *in Forma Pauperis* for Inmate</u> on this Court's approved form. The Court is providing Plaintiff with a copy of the form with this order. If Plaintiff does not timely complete and submit the first three pages of the form with the required financial documents or affidavit, the Court will dismiss the case without prejudice for Plaintiff to open a new case when he pays the fee or submits the required documents.

Accordingly, the Court denies Plaintiff's motion for judicial notice and waiver (ECF No. 1-2). The Court will grant Plaintiff a one-time extension to March 12, 2021 to pay the full $402 filing fee or file the required documentation to proceed *in forma pauperis*.

If Plaintiff does not file a fully complete application to proceed *in forma pauperis* with all three required documents or the first three pages of the application to proceed *in forma pauperis* and an affidavit detailing the efforts he took to acquire the financial certificate and inmate account statement for the previous six-month period from prison officials, or pay the full $402 filing fee for a civil action on or before **March 12, 2021**, this

case will be subject to dismissal without prejudice for Plaintiff to file a new case with the Court when Plaintiff files a fully complete application to proceed *in forma pauperis* or pays the full $402 filing fee.

The Court will retain Plaintiff's civil rights complaint (ECF No. 1-1), but the Court will not file the complaint unless and until Plaintiff fully complies with this order.

## II.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for judicial notice and waiver (ECF No. 1-2) is denied.

IT IS FURTHER ORDERED that the Clerk of the Court will send Plaintiff the approved form application to proceed *in forma pauperis* by an inmate, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER ORDERED that on or before **March 12, 2021**, Plaintiff will either pay the full $402 filing fee for a civil action (which includes the $350 filing fee and the $52 administrative fee) or file with the Court:

(1) a completed **Application to Proceed *in Forma Pauperis* for Inmate** on this Court's approved form (i.e. pages 1 through 3 of the form with the inmate's two signatures on page 3),

(2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (i.e. page 4 of this Court's approved form), and

(3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.

IT IS FURTHER ORDERED that, if Plaintiff is denied the financial certificate and inmate account statement for the previous six-month period from prison officials, Plaintiff shall instead file the first three pages of the application to proceed *in forma pauperis* and submit an affidavit, as described above, on or before **March 12, 2021**.

IT IS FURTHER ORDERED that, if Plaintiff does not file a fully complete application to proceed *in forma pauperis* with all three documents, or the first three pages of the application to proceed *in forma pauperis* and an affidavit or pay the full $402 filing

fee for a civil action on or before **March 12, 2021**, this case will be subject to dismissal without prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court will retain the complaint (ECF No.1-1) but will not file it at this time.

DATED: 1-13-2021

_____
UNITED STATES MAGISTRATE JUDGE