UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUIS CARDENAS-ORNELAS,<br><br>　　　　　　　　　　Plaintiff<br><br>　v.<br><br>WICKHAM, *et al.*,<br><br>　　　　　　　　　　Defendants | Case No.  2:21-cv-00030-APG-VCF<br><br>**ORDER** |

　　　This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a state prisoner.  On January 13, 2021, Magistrate Judge Ferenbach ordered Plaintiff to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $402 by March 12, 2021. ECF No. 5 at 4.  On March 10, 2021, Plaintiff filed an application to proceed *in forma pauperis*. ECF No. 6.  Plaintiff did not submit page three of the application to proceed *in forma pauperis*.  Accordingly, Plaintiff's application (ECF No. 6) is incomplete.   The March 12, 2021 deadline has now expired, and Plaintiff has not filed a fully complete application to proceed *in forma pauperis* or paid the $402 fee.

　　　District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

(affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket) weigh in favor of dismissal. The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal as a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Judge Ferenbach's order expressly stated: "IT IS FURTHER ORDERED that, if Plaintiff does not file a fully complete application to proceed *in forma pauperis* with all

three documents, or the first three pages of the application to proceed *in forma pauperis* and an affidavit or pay the full $402 filing fee for a civil action on or before March 12, 2021, this case will be subject to dismissal without prejudice." ECF No. 5 at 5.  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with Judge Ferenbach's order.

   I THEREFORE ORDER that this action is dismissed without prejudice based on Plaintiff's failure to file a fully complete application to proceed *in forma pauperis* with all three documents, or the first three pages of the application to proceed *in forma pauperis* and an affidavit or pay the full $402 filing fee in compliance with this court's order dated January 13, 2021.  Plaintiff may refile the case with the court, under a new case number, when Plaintiff has all three documents needed to file a fully complete application to proceed in forma pauperis or pays the full $402 filing fee.

   I FURTHER ORDER that all pending motions **(ECF Nos. 3, 4, and 6) are denied** as moot.

   I FURTHER ORDER the Clerk of Court to close the case and enter judgment accordingly.  No other documents may be filed in this now-closed case.

   DATED:  March 23, 2021.

                                                                _____
                                                                ANDREW P. GORDON
                                                                UNITED STATES DISTRICT JUDGE

3