UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUIS CARDENAS-ORNELAS,<br><br>    Plaintiff<br><br>v.<br><br>WICKHAM, et al.,<br><br>    Defendants | Case No.: 2:21-cv-00030-APG-VCF<br><br>**Order (1) Denying Motion for Temporary Restraining Order and (2) Setting Briefing Schedule for Motion for Preliminary Injunction**<br><br>[ECF Nos. 3, 4] |

Plaintiff Luis Cardenas-Ornelas moves for temporary and preliminary injunctive relief to require the defendants to provide him with more outdoor yard time while he is incarcerated at High Desert State Prison.  Cardenas-Ornelas contends that he has been denied all exercise since March 2020 due to restrictions related to the Covid-19 pandemic.  He states that he has been confined to his cell for 24 hours a day, except on days when he is required to work.  The defendants respond that Cardenas-Ornelas's motion is moot because he now receives three hours a week of yard time.  Cardenas-Ornelas replies that he is entitled to eight hours a week of outdoor time.

To qualify for a temporary restraining order, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

1       Additionally, in the context of a civil action challenging prison conditions, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). I must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out" in § 3626(a)(1)(B). *Id.* An injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation and emphasis omitted).

      Depriving inmates of exercise may violate their Eighth Amendment rights under certain circumstances. *Norbert v. City & Cnty. of San Francisco*, No. 20-15341, 2021 WL 3779532, at *8 (9th Cir. Aug. 26, 2021). However, "a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation." *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997). Prison officials may restrict outdoor exercise based on weather, unusual circumstances, or disciplinary needs. *See Spain v. Procunier*, 600 F.2d 189, 199-200 (9th Cir. 1979).

      After the parties completed briefing, the Ninth Circuit issued a decision providing additional guidance on constitutionally adequate outdoor exercise time for incarcerated individuals. In *Norbert v. City & County of San Francisco*, the Ninth Circuit noted that that "there is no bright line test to determine if and when inmates are entitled to outdoor exercise." No. 20-15341, 2021 WL 3779532, at *12 (9th Cir. Aug. 26, 2021) (quotation omitted). Rather, determining whether prison officials are providing constitutionally adequate outdoor exercise time requires an evaluation of the totality of the circumstances, including other opportunities for indoor recreation, the length of time the inmate is held under the conditions, whether the inmate

has contact with others, whether disciplinary measures impact the conditions, and whether the inmate has opportunities for training or rehabilitation programs. *Id.* at *8-12 (quotation omitted).

Cardenas-Ornelas has shown, at best, serious questions going to the merits. He admits he now receives three hours per week of outdoor exercise (although he disputes that increase was instituted as early as the defendants contend), which is more than what the Ninth Circuit ordered in *Pierce v. County of Orange*. 526 F.3d 1190, 1213 (9th Cir. 2008) (ordering two hours per week of exercise without specifying whether that was indoor or outdoor). He also notes that he works, although he does not indicate the nature of his work. But that work would contribute to his time out of cell, his contact with others, a possible avenue of physical exercise depending on the nature of the work, and his ability to receive training, rehabilitation, and work skills. Absent further information, Cardenas-Ornelas has not shown a likelihood of success on the merits.

Assuming Cardenas-Ornelas has shown serious questions going to the merits, he has not shown that the balance of hardships tips sharply in his favor. He states he is becoming anxious and depressed and that he is suffering from muscle loss and joint pain. But he presents no expert testimony to support his lay opinion that any or all of these conditions are the result of having no more than three hours per week of outdoor exercise time. I appreciate that as an incarcerated individual, Cardenas-Ornelas lacks ready access to medical experts. But he presents no evidence, for example, that he has sought treatment or been treated for any of these ailments. And I lack information about the institutional safety, security, and disciplinary concerns that would be impacted if I ordered additional outdoor exercise time for Cardenas-Ornelas. The balance of hardships does not tip sharply in his favor in the absence of further factual development of his claim.

I therefore deny his motion for a temporary restraining order. However, I will order further briefing on his motion for preliminary injunction.

I THEREFORE ORDER that plaintiff Luis Cardenas-Ornelas's motion for temporary restraining order **(ECF No. 3) is DENIED**.

I FURTHER ORDER that by October 15, 2021, the parties shall file supplemental briefs on plaintiff Luis Cardenas-Ornelas's motion for a preliminary injunction (ECF No. 4). The parties may then file response briefs to each other's supplemental briefs by October 29, 2021. No replies will be filed absent further order of the court. The supplemental briefs should focus on issues relevant to Cardenas-Ornelas's current outdoor exercise time, indoor exercise time, or other opportunities for physical exertion, overall out-of-cell time, and other relevant factors such as his ability to interact with others, length of time under those conditions, disciplinary concerns, and the physical or mental impact of these conditions on Cardenas-Ornelas. The supplemental briefs should be supported by evidence, not just argument. From the papers, I will determine whether an evidentiary hearing is needed.

DATED this 14h day of September, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE