# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Luis Cardenas-Ornelas,<br><br>   Plaintiff(s),<br><br>vs.<br><br>Calvin Johnson, et al.,<br><br>   Defendant(s). | 2:21-cv-00030-ART-MDC<br><br>ORDER VACATING SETTLEMENT CONFERENCE |

Pending before the Court is defendants' *Motion to Vacate Settlement Conference* ("Motion") (ECF No. 104). For the reasons stated below, the Court GRANTS the Motion.

## DISCUSSION

**I. BACKGROUND**

On October 16, 2023, defendants filed a *Motion for Summary Judgment*. ECF No. 84. Defendants asserted, among other things, that plaintiff's claims failed due to sovereign and qualified immunity. *Id.* On September 30, 2024, the district judge denied defendant's assertion of sovereign and qualified immunity. ECF No. 97. On October 22, 2024, the district judge referred this matter to the undersigned magistrate for a settlement conference. ECF No. 98. The undersigned set a virtual settlement conference for January 7, 2025. ECF No. 99. On October 30, 2024, the defendants filed a *Notice of Appeal* (ECF No. 100), appealing the district judge's denial of their immunity defenses. On December 23, 2024, the defendants filed the *Motion to Vacate Settlement Conference*. ECF No. 104. The undersigned ordered expedited briefing on this matter and ordered plaintiff to submit his response by no later than January 3, 2025. Plaintiff submitted his response, opposing the Motion, on December 31, 2024.

//

//

//

## II. MOTION TO VACATE SETTLEMENT CONFERENCE

The Court finds that there are sufficient grounds to grant defendants' Motion. Defendants are correct that, upon filing their notice of appeal, this Court was divested of jurisdiction to proceed with the settlement conference. *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). Plaintiff is also correct that courts are not divested of jurisdiction if the appeal is frivolous or forfeited such determination. However, the district court did not certify that defendants' appeal was frivolous or forfeited. "In the absence of such certification, the district court is automatically divested of jurisdiction to proceed with trial pending appeal." *Chuman*, 960 F.2d at 105. Plaintiff did not provide any authorities to the contrary, or that would otherwise allow for the settlement conference to proceed. Upon defendants' Notice of Appeal (ECF No. 100), the Court is divested of jurisdiction to proceed with the January 7, 2025, settlement conference.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion to Vacate Settlement Conference* (ECF No. 104) is GRANTED.

2. The January 7, 2025 Settlement Conference (ECF No. 99) is VACATED.

3. The parties are directed to file a Motion or Stipulation regarding the Settlement Conference within 21 days after determination of their appeal.

DATED this 3rd day of January 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.